UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LEVENTHAL,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 19-cv-02123-JD<br><br>**ORDER RE REMAND**<br>Re: Dkt. No. 21 |

Plaintiff Lawrence Leventhal originally filed this case in the California Superior Court after Jackson National Life Insurance Company ("Jackson National") denied his claim for benefits under disability insurance policies. The action alleges claims for breach of contract and bad faith against Jackson National, and for a writ of mandate against the Commissioner of the California Department of Insurance. Jackson National removed the complaint on diversity grounds. Dkt. No. 1. Leventhal asks to remand the case back to the state court, and for costs and fees. Dkt. No. 21.

The Court took the matter under submission on the written papers, Dkt. No. 31; Civil L.R. 7-1(b), and finds that the case was removed improvidently and without jurisdiction. It is remanded to the Superior Court for the City and County of San Francisco. 28 U.S.C. § 1447(c). The Court declines to award costs and fees.

**BACKGROUND**

As alleged in the complaint, Leventhal, a former orthopedic surgeon, filed a claim for disability insurance benefits in January 2014. Dkt. No. 1-1 (Complaint) ¶¶ 8, 12, 28. Jackson National denied the claim under a policy clause requiring that Leventhal be under the care of a physician, other than himself, for a disabling condition. *Id.* ¶¶ 29-30; *see also* Dkt. No. 3, Exhs.

3-4. Leventhal sought reconsideration of his claim in 2016, and an extensive back and forth ensued. Dkt. No. 1-1 ¶¶ 19, 32-57, 75-78. Jackson National requested further documentation of the treatment Leventhal received, *id.*, which was provided by a fellow physician in his small town through an informal doctor-patient relationship, *id.* ¶¶ 6-7. After reviewing this documentation and obtaining a declaration from Leventhal's treating physician, Jackson National advised Leventhal in November 2017 that he was ineligible for disability benefits due to the lack of contemporaneous, written medical records of his treatment. *Id.* ¶¶ 45-46.

Leventhal sued in state court in 2019. Dkt. No. 1-1. He alleged claims for breach of contract and breach of the covenant of good faith and fair dealing against Jackson National. He also alleged a writ of mandate claim against the Insurance Commissioner for failing to enforce California requirements for disability policy definitions, and for the wrongful approval of policies for sale in the state. *Id*. ¶¶ 92-98; Dkt. No. 1 at 2-4. Jackson National filed a timely notice of removal on the basis of diversity of citizenship under 28 U.S.C. § 1332. Dkt. No. 1 at 1.

## DISCUSSION

### I. REMAND

The parties agree that Leventhal and Jackson National are of diverse citizenship -- California and Michigan, respectively. They also agree that the minimum amount in controversy of $75,000 is satisfied.

The dispute is whether the presence of the Insurance Commissioner destroys complete diversity and requires a remand to state court. For purposes of the remand motion, Jackson National does not contest the "legal viability" of Leventhal's writ of mandate claim. Dkt. No. 23 at 2. Jackson National also agrees that "[p]laintiff and the Commissioner are *not* of diverse citizenship." *Id.* at 1 (emphasis in original). The "sole issue" is whether the writ claim is time-barred, which would indicate that the Commissioner should be disregarded as a defendant for the determination of diversity jurisdiction. *Id*.

As in all federal cases, the foundational principle here is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal is appropriate only when a case presents a

federal question or involves diversity of citizenship and meets the statutory amount in controversy. 28 U.S.C. §§ 1331, 1332. There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts about the propriety of removal should be resolved in favor of a remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The defendant always bears the burden of demonstrating that removal was proper. *Gaus*, 980 F.2d at 566.

Jackson National removed solely on the basis of diversity of citizenship under Section 1332. Diversity removal requires complete diversity, which means that each plaintiff must have a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Jackson National agrees that the complaint shows on its face that Leventhal and the Insurance Commissioner are not diverse. Dkt. No. 23 at 1. Consequently, Jackson National can remove under Section 1332 only if it establishes that the Commissioner was fraudulently joined. *Grancare, LLC, v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). If so, the presence of the Commissioner as a non-diverse party can be disregarded and not counted against diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Court extensively discussed fraudulent joinder in *Geisse v. Bayer Healthcare Pharm., Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854 (N.D. Cal. Mar. 18, 2019) (and cases cited therein), and the same principles fully apply here. In summary, there is a "'general presumption against [finding] fraudulent joinder,'" which compounds the independent presumption against removal in all cases under Section 1332, and imposes a particularly heavy burden on the defendant to prove. *Id*. at *2 (quoting *Grancare*, 889 F.3d at 548) (alteration in *Grancare*) (internal citation omitted). A defendant may establish fraudulent joinder by showing actual fraud in pleading jurisdictional facts, or that the plaintiff failed to state a claim against the non-diverse defendant. *Id.* Under the claim test, the action must be remanded if there is any possibility that a state court would find that the plaintiff stated a cause of action against any non-diverse defendant. *Id.*

3

Our circuit has emphasized that a "possibility" means just that -- whether "there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (quoting *Grancare*, 889 F.3d at 549) (alteration and emphasis in *Grancare*) (internal citation omitted). This is a lower standard than plausibility under Rule 12(b)(6) for failure to state a claim, and so the joinder of a non-diverse party will not necessarily be deemed fraudulent even if the claim could be dismissed. *Id.* In effect, the "possibility" standard is akin to the "'wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "'the federal court must find that the joinder was proper and remand the case to state court.'" *Id.* (quoting *Hunter v. Philip Morris, USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

"The defendant has some leeway to present facts outside the complaint, but the complaint is usually the best guide in determining whether joinder was fraudulent, and in any event the defendant must prove fraudulent joinder by clear and convincing evidence." *Id.*; *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Jackson National argues for fraudulent joinder only on the grounds that a timely claim cannot be stated against the Commissioner. Its argument is hampered by the fact that it did not discuss the relevant cases on fraudulent joinder in our circuit, and instead relied almost entirely on a single decision by the Fourth Circuit in 1990. Dkt. No. 23 at 9. Even so, the argument is clear enough for fair consideration, and in any event the Court has an independent duty to determine whether jurisdiction exists. *See* Fed. R. Civ. P. 12(h)(3); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

The record before the Court contains more than enough to show that there is a non-trivial possibility that a state court would find Leventhal's writ of mandate claim to be timely. The parties agree that the writ is a cognizable claim. *See, e.g.*, Dkt. No. 23 at 2; *see also Van Ness v. Blue Cross of California*, 87 Cal. App. 4th 364, 368, 371-72 (2001); *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir. 1995) (citing *Bixby v. Pierno*, 4 Cal. 3d 130 (1971)).

4

The applicable limitations period is less clear. The parties have not identified a specific statute of limitations for a writ claim. Jackson National uses a three-year limitations period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Cal. Code. Civ. P. § 338(a). Dkt. No. 23 at 9-10. Leventhal does not dispute the use of that period for purposes of the remand analysis. See. Dkt. No. 24 at 3. Consequently, the Court assumes, without deciding, that Section 338(a) provides the time limit for the writ claim.

Jackson National cannot foreclose the possibility that Leventhal's claim is timely because the parties have a genuine and material dispute about the accrual and tolling of the claim. Jackson National says that the three-year limitations period began to run no later than April 1, 2014, when it initially denied Leventhal's disability application. *See* Dkt. No. 23 at 2, 11; Dkt. No. 3, Exh. 4. But the complaint alleges that Jackson National agreed to reopen Leventhal's coverage application in June 23, 2016, Dkt. No. 1-1 ¶ 19, and that reconsideration was not fully resolved until November 2017, at the earliest, *id.* ¶ 45. California provides for the possibility of equitable tolling when an insurance claim is reopened. *See Prudential-LMI Commercial Ins. v. Superior Court*, 51 Cal. 3d 674, 691-93 (1990); *Ashou v. Liberty Mutual Fire Insurance Co.*, 138 Cal. App. 4th 748, 763-64 (2006). Consequently, Jackson National has not foreclosed or eliminated any possibility that the Superior Court would find the writ claim to be timely.

That is all that is needed to conclude that the removal was improvident. A remand is appropriate.

## II. COSTS AND FEES

Leventhal seeks an award of costs and attorney's fees incurred in seeking a remand. Dkt. No. 21 at 20. Section 1447(c) permits the Court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065

(9th Cir. 2008). Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id.* at 1066-67.

Jackson National's fraudulent joinder argument did not carry the day for it on establishing removal jurisdiction, but its position was not so frivolous or clearly foreclosed by law as to warrant fees and costs. The request is declined.

## CONCLUSION

This action was removed improvidently and without jurisdiction, and is remanded to the Superior Court of California for the City and County of San Francisco. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: March 31, 2020

JAMES DONATO
United States District Judge